No. 538 June 11, 2025 299

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

D. R. H.,
*Petitioner-Appellant,*

*v.*

SETH THOMAS HOLBROOK,
*Respondent-Respondent.*

Yamhill County Circuit Court
22SK02713; A182668

Cynthia Kaufman Noble, Judge.

Submitted February 4, 2025.

Aron Perez-Selsky filed the brief for appellant.

No appearance for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Petitioner appeals from a judgment denying her petition for a permanent stalking protective order (SPO) against respondent, her ex-husband.[1] She contends that the trial court erred in finding that her evidence did not satisfy the requirements for an SPO. On appeal, we review "the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition." *H. L. P. v. Jones*, 309 Or App 108, 109, 481 P3d 415 (2021). Doing so, we conclude that the trial court did not err in denying the SPO, where it was not persuaded by petitioner's evidence, regardless of whether that evidence would have supported an SPO had the court found the facts differently. Accordingly, we affirm.

Petitioner and respondent were married for several years, and they had two children. Petitioner sought an SPO against respondent after a series of incidents in which respondent came to her home, engaged in conversation with her, and, on at least two occasions, would not leave when told. Petitioner testified that respondent's visits caused her "alarm" and made her feel "very unsafe" because she "didn't know what he was going to do next." Petitioner also testified that when she and respondent were married, he was "emotionally" and "psychologically" abusive and displayed "controlling behaviors, possessiveness, [and] erratic anger." For example, on several occasions when respondent had become angry while driving her and their son, respondent had accelerated to unsafe speeds and had refused to relinquish control of the vehicle. Although petitioner testified that respondent was never physically abusive toward her, she stated that respondent was physically abusive toward their son. According to petitioner, respondent had been "disproportionate with his discipline" and that "there was actually a time where [their son] did get bruised from spanking."

After hearing the evidence, the trial court entered a judgment denying the SPO. In its letter opinion, the court stated that "based on [its] credibility and demeanor findings, [it had] a number of concerns about many aspects of the testimony and the record made in this case." The court

---

[1] Respondent does not appear on appeal.

did not specify, beyond that statement, what credibility or demeanor findings it had made. Ultimately, the court concluded that "[p]etitioner has failed to meet the burden to satisfy the elements for the continuance of the Stalking Protective Order."

Petitioner appeals, arguing that the trial court erred in concluding that she failed to meet her burden to satisfy the requirements for an SPO. In particular, petitioner contends that the record regarding respondent's visits to her home was sufficient to establish that he made two unwanted contacts that subjectively alarmed her and that her alarm was objectively reasonable. *See* ORS 30.866(1)(a) - (c) (to obtain an SPO, a petitioner must prove that the respondent engaged in "repeated and unwanted contact[s]" that subjectively alarmed the petitioner as to the threat of physical injury, and that the alarm was objectively reasonable).

The problem with petitioner's argument is that we do not understand the trial court to have ruled on the sufficiency of the evidence. Instead, it appears to us that the court simply was not persuaded by petitioner's evidence. Given that, it is immaterial whether the evidence, if believed, was sufficient to support the issuance of an SPO.

Our standard of review requires us to review "the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition." *H. L. P.*, 309 Or App at 109. Where, as here, the trial court did not make any express findings of fact, we "presume that the facts were decided in a manner consistent with the trial court's ultimate conclusion as long as there is evidence in the record to support those implicit findings." *M. A. B. v. Buell*, 366 Or 553, 565, 466 P3d 949 (2020) (internal quotation marks and brackets omitted). Under that view of the record—which, although the court did not specify the details, was not entirely favorable to petitioner—we cannot say that the trial court erred in denying the SPO.

Affirmed.